## UNITED STATES v. OYAMADA.

No. 1097–KA.

First Division. Ketchikan.

Sept. 6, 1929.

H. D. Stabler, U. S. Atty., of Juneau, for the United States.

McCain & Grigsby, of Ketchikan, for defendant.

HARDING, District Judge.

The motion before the court is based upon the contention that section 2, chapter 16, Session Laws of Alaska for the year 1925, has not been complied with.

This section 2 reads as follows: "Except as in this Act otherwise provided, all jurors, for both grand and petit juries, for service in the District Court for the Territory of Alaska, shall be publicly drawn from a box containing at the time of each drawing, in the discretion and by order of the Court or Judge, either: (a) The names of at least one thousand (1,000) persons, residents of the Division in which such Court is held, who voted at the last preceding general Territorial election, the records and returns of which are available to the Clerk, and who, so far

as known to the Clerk and Jury Commissioner, are still residents of such Division at the time of the drawing and still qualified by law. for such jury service; or (b) the names of at least three-fourths (¾) of all persons, residents of the Division in which such Court is held, who voted at the last preceding general Territorial election, the records and returns of which are available to the Clerk, and who, so far as known to the Clerk and Jury Commissioner, are still residents of such Division and still qualified by law for such jury service; and, in either case, in addition to the names of the persons who voted at such last election, the Clerk and Jury Commissioner may place in such jury box the names of other persons residents of such division who are qualified by law for such jury service."

This motion presents the question as to whether or not this section above quoted was a constitutional enactment under the Organic Act (37 Stat. 512) creating a Legislative Assembly in the territory of Alaska, and conferring legislative power thereon.

The Organic Act in section 3 (48 U.S.C.A. § 80), after designating certain other matters over which the Legislature shall not have jurisdiction, provides: "The legislature shall pass no law depriving the judges and officers of the district court of Alaska of any authority, jurisdiction, or function exercised by like judges or officers of district courts of the United States."

This act was approved by Congress August 24, 1912.

Prior to its enactment, the law of the territory with reference to the selection and impaneling of juries is found in section 2119 and section 2228 of the Compiled Laws of Alaska:

Section 2119 reads as follows: "Grand juries, to inquire of the crimes designated in Title XIV of this act, committed or triable within said District, shall be selected and summoned, and their proceedings shall be conducted, in the manner prescribed by the laws of the United States with respect to grand juries of the United States district and circuit courts,

the true intent and meaning of this section being that but one grand jury shall be summoned in each division of the court to inquire into all offenses committed or triable within said District, as well those that are designated in Title XIV of this act as those that are defined in other laws of the United States."

Section 2228 reads as follows: "Jurors for the trial of persons accused of any of the crimes defined in the laws of the United States applicable to the District of Alaska, as hereby revised and codified, and for the trial of issues of fact in civil actions, shall be selected and summoned in the manner prescribed by the laws of the United States with respect to jurors of the United States and district and circuit courts, and shall have the same qualifications and be entitled to the same exemptions as are provided in chapter four, Title XV of this act in the case of grand juries."

The sections had been in force in the territory since March 3, 1899, and were in force at the time the Organic Act was passed.

Under these sections, the law with reference to the selection and impaneling of juries at the time of the passage of the Organic Act was to be found in chapter 231, subchapter 12 of the volume 36 U.S.Statutes at Large (page 1164), passed in 1911. Under this chapter, section 276 provides as follows: "All such jurors, grand and petit, including those summoned during the session of the court, shall be publicly drawn from a box containing, at the time of each drawing, the names of not less than three hundred persons, possessing the qualifications prescribed in the section last preceding, which names shall have been placed therein by the clerk of such court and a commissioner, to be appointed by the judge thereof, or by the judge senior in commission in districts having more than one judge, which commissioner shall be a citizen of good standing, residing in the district in which such court is held, and a well-known member of the principal political party in the district in which the court is held

opposing that to which the clerk may belong, the clerk and said commissioner each to place one name in said box alternately, without reference to party affiliations until the whole number required shall be placed therein."

Section 277 (28 U.S.C.A. § 413) provides as follows: "Jurors shall be returned from such parts of the district, from time to time, as the court shall direct, so as to be most favorable to an impartial trial, and so as not to incur an unnecessary expense, or unduly burden the citizens of any part of the district with such service."

Section 276 of this act, above quoted, was modified February 3, 1917 (28 U.S.C.A. § 412), so as to allow a deputy clerk to act in place of the clerk, and no other modifications were made. Section 277 was not changed in any particular. This Act of February 3, 1917, was in force and effect in Alaska at the time section 2, chapter 16, of the Session Laws of Alaska 1925, was passed.

In other words, both at the time the Congress specifically limited the Legislature of Alaska from depriving the judges of the District Courts of Alaska of any authority, jurisdiction, or function exercised by like judges of the District Courts of the United States and at the time the legislative act depriving them thereof was passed, the District Courts of Alaska were vested with identically the same authority, jurisdiction, and function as the District Courts of the United States with reference to the impaneling and selection of juries, and the manner of exercising that authority and function was specified "so as to be most favorable to an impartial trial, and so as not to incur an unnecessary expense."

In view of the fact that the United States pays the expenses of the District Court in Alaska, and in view of the fact that the District Court tries all offenses under the United States statutes, it is the opinion of the court that Congress intended to leave invested in the District Court the duty of directing the manner of selecting and impaneling juries, a duty which it can neither evade nor deny, and

that this was done by the express wording of the Organic Act above quoted, and that section 2, chapter 16, Session Laws of Alaska, depriving the judge of the District Court of its right and duty with reference thereto, is therefore void.

## On Motion to Quash Indictment.

Motion has been made to quash the indictment and dismiss this action on the ground that the jury panel called to try this case is not qualified by reason of allegations that are made in the affidavit attached to this motion.

This affidavit, to my mind, in the first place does not set forth any facts; it alleges that a member of the bar at Ketchikan caused the records and files of the District Court office at Juneau to be examined by a competent attorney at Juneau, Alaska, for the purpose of ascertaining whether or not the grand and petit juries now sitting at Ketchikan, Alaska, were drawn according to law; that this attorney reported after a complete investigation that there was no record in the office of the clerk of said court at Juneau, Alaska, of any order in relation to said drawing of said juries on file or of record in the federal clerk's office.

I do not think that presents any facts on which any court would act with relation to a matter of this importance.

It is further the opinion of the court on the question as to whether or not this act of the Legislature is unconstitutional that the Act is unconstitutional. The Compiled Laws of Alaska provide in section 2119 that grand juries to inquire of crimes designated in title 14 of this act, committed or triable within this said district, shall be selected and summoned and their proceedings conducted in the manner provided by the laws of the United States with respect to grand juries in United States District and Circuit Courts; the true intent and meaning of this being—the rest is not material to the question at hand.

Section 2228 of the Compiled Laws of Alaska provides: "That jurors for the trial of persons accused of any of

the crimes defined in the laws of the United States applicable to the District of Alaska, as hereby revised and codified, and for the trial of issues of fact in civil actions, shall be selected and summoned in the manner prescribed by the laws of the United States with respect to jurors of the United States district and circuit courts, and shall have the same qualifications and be entitled to the same exemptions as are provided" with certain other immaterial matters.

It has been the practice, at least the provisions of Carter's Code prescribe the selection and impaneling of juries shall be according to the laws in the Circuit Court—in the federal Circuit Courts. Now the provisions as to the selection of jurors in the federal courts outside are found in part in section 412, title 28, of the United States Code Annotated, which provides that "All such jurors, grand and petit, including those summoned during the session of the court, shall be publicly drawn from a box containing, at the time of each drawing, the names of not less than three hundred persons, possessing the qualifications prescribed in the section last preceding, which names shall have been placed therein by the Clerk of such court, or a duly qualified deputy clerk, and a commissioner, to be appointed by the judge thereof." There are certain other provisions which do not materially affect this question.

Section 413 of the title 28 of the United States Code Annotated provides that "Jurors shall be returned from such parts of the district, from time to time, as the court shall direct, so as to be most favorable to an impartial trial, and so as not to incur an unnecessary expense, or unduly burden the citizens of any part of the district with such service."

In other words, the Congress of the United States has passed certain laws with reference to the selection of juries, and it has vested in the District Courts of the United States certain powers, duties, and functions with reference to the selection and impaneling of juries. When the Organic Act of the territory of Alaska was passed, it specifical-

ly provided different limits upon the authority of the Legislature, where it provides that "The legislature shall pass no law depriving the judges and officers of the district court of Alaska of any authority, jurisdiction, or function exercised by like judges or officers of district courts of the United States." Section 3 (48 U.S.C.A. § 80).

So it seems to me that the Congress of the United States, in passing the Organic Act, has apparently limited the authority of the Legislature with reference to this matter, and it is my opinion that the act of the Legislature is unconstitutional and void.

The motion in this case is overruled.